IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM WHITSITT,

    Plaintiff,               No. CIV S-06-2075 MCE KJM PS

    vs.

CLUB RESOURCE GROUP, et al.,

    Defendants.           FINDINGS AND RECOMMENDATIONS

_____/

        Defendants' motion for summary judgment is pending before the court following a hearing on April 9, 2008. At hearing, defendants were represented by Alden Parker and plaintiff represented himself pro se. Upon review of the documents in support and opposition, including the supplemental filings made since the hearing, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        By order filed October 31, 2006, this action is proceeding on plaintiff's claim under the Age Discrimination in Employment Act, "ADEA," 29 U.S.C. § 621 et seq. The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). This prohibition applies to "individuals who are at least 40 years of age." 29 U.S.C. § 631(a). See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1280 (9th Cir. 2000).

1

Defendant moves for summary judgment. Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party

1  must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome
2  of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248
3  (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.
4  1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could
5  return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433,
6  1436 (9th Cir. 1987).
7             In the endeavor to establish the existence of a factual dispute, the opposing party
8  need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the
9  claimed factual dispute be shown to require a jury or judge to resolve the parties' differing
10 versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary
11 judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a
12 genuine need for trial.'"  Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory
13 committee's note on 1963 amendments).
14            In resolving the summary judgment motion, the court examines the pleadings,
15 depositions, answers to interrogatories, and admissions on file, together with the affidavits, if
16 any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See Anderson,
17 477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the
18 court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.
19 Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to
20 produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen
21 Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.
22 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply
23 show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken
24 as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no
25 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).
26 /////

1    Plaintiff bears the initial burden of adducing evidence sufficient to support a
2 prima facie case of age discrimination. Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir.
3 1994). To establish a prima facie case of an ADEA violation, the plaintiff must show that he
4 (1) belonged to a protected class; (2) was satisfactorily performing his job or was qualified for
5 hire or promotion; (3) was terminated, rejected for employment, or otherwise subjected to an
6 adverse employment action; and (4) was replaced by a substantially younger employee with
7 equal or inferior qualifications. See Coleman v. Quaker Oats Co., 232 F.3d at 1280-81. The
8 amount of evidence that must be produced to create a prima facie case is very little. Sischo-
9 Nownejad v. Merced Community College Dist., 934 F.2d 1104, 1111 (9th Cir.1991), superseded
10 by statute on other grounds, see Dominguez-Curry v. Nevada Transp. Dept., 424 F.3d 1027 (9th
11 Cir. 2005).

12    Defendant moved for summary judgment and relied, as is proper, on the requests
13 for admission previously propounded to plaintiff and to which no response was made. As such,
14 the admissions are deemed admitted. Fed. R. Civ. P. 36; see also Conlon v. United States, 474
15 F.3d 616, 621 (9th Cir. 2007).[1]

16    Even if the admissions are not considered, plaintiff fails to meet his minimal
17 burden. In opposition to the motion for summary judgment, plaintiff has not submitted
18 admissible evidence sufficient to establish his prima facie case. The affidavits submitted by

---

[1] Plaintiff has never availed himself of the relief afforded under Federal Rule of Civil Procedure 36(b) for withdrawing an admission. Even if plaintiff's opposition to the motion for summary judgment is construed as a motion under Rule 36(b), the court finds granting such a motion is not warranted in this case. The factors that must be considered by the court in reviewing a Rule 36(b) motion weigh against plaintiff. See Conlon v. United States, 474 F.3d at 621-23. As discussed below, with respect to Conlon's first prong, even if the admissions are withdrawn, plaintiff has not presented evidence sufficient to establish his prima facie case. The second prong also appears to favor denial of any request to withdraw the admissions. Discovery, including interrogatories, requests for production of documents, and requests for admission, were propounded by defendants in August 2007. Plaintiff has never responded to the discovery despite the passage of seven months, hindering any efforts to defend this action. Withdrawal of the admissions at this stage of discovery would be prejudicial. However, in concluding defendant's motion for summary judgment should be granted, the court has not relied on the deemed admissions.

1  plaintiff in opposition to the motion for summary judgment are inadmissible in that they do not
2  comply with Federal Rule of Civil Procedure 56(e) and contain inadmissible hearsay.  The
3  documents submitted by plaintiff are unauthenticated and moreover, even if admissible, do not
4  support a prima facie case of age discrimination.  In particular, there is no admissible evidence
5  offered by plaintiff that he was replaced by a younger person or that he was satisfactorily
6  performing his job.  Cf. Nidds v. Schindler Elevator Corp., 113 F.3d 912, 917 (9th Cir. 1996).
7  Plaintiff's complaint cannot function as an opposing affidavit to the motion for summary
8  judgment because it is not verified under penalty of perjury.  See, e.g., Jones v. Blanas, 393 F.3d
9  918, 923 (9th Cir. 2004) (verified complaint); see also Schroeder v. McDonald, 55 F.3d 454, 460
10 n.10 (9th Cir.1995) (pleading counts as "verified" if the drafter states under penalty of perjury
11 that the contents are true and correct); 28 U.S.C. § 1746.  In light of plaintiff's utter failure of
12 proof, summary judgment should be granted for defendant.
13          Accordingly, IT IS HEREBY RECOMMENDED that:
14          1. Defendant's motion for summary judgment be granted; and
15          2. This action be dismissed.
16          These findings and recommendations are submitted to the United States District
17 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten
18 days after being served with these findings and recommendations, any party may file written
19 objections with the court and serve a copy on all parties.  Such a document should be captioned
20 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
21 shall be served and filed within ten days after service of the objections.  The parties are advised
22 that failure to file objections within the specified time may waive the right to appeal the District
23 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
24 DATED:  May 2, 2008.

_____
U.S. MAGISTRATE JUDGE

26 006 whitsitt.57

5